UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DARIEN PUGHE,
    PETITIONER,

V.

WARDEN RICHARD A. LUNA, FCI BERLIN,
    RESPONDENT.   /

CASE NO: _____

JUDGE: _____

MOTION TO COMPEL COMPLIANCE WITH FIRST STEP ACT AND CHALLENGE RETALIATORY ACTION(S)

FILED - USDC -NH
2025 FEB 13 AM 9:41

## MOTION TO COMPEL COMPLIANCE WITH THE FIRST STEP ACT AND CHALLENGE RETALIATORY ACTION(S)

### I. INTRODUCTION

Petitioner, Darien Pughe, a federal inmate at FCI Berlin, moves this Court pursuant to 28 U.S.C. §2241 to compel the Bureau of Prisons (BOP) to comply with the First Step Act and to challenge the retaliatory action(s) taken against him for exercising his legal rights. This Motion seeks to address the BOP's improper denial of Mr. Pughe's Halfway House placement consideration following his lawful challenge to a state writ seeking his transfer to New York State custody.

### II. STATEMENT OF FACTS

1. Mr Pughe is currently serving a federal sentence at FCI Berlin in New Hampshire.

2. On December 3rd, 2024, Mr. Pughe exercised his legal right to challenge a writ issued by New York state seeking his transfer to state custody.

3. Mr. Pughe prevailed on his refusal to accept the writ to New york State custody and remained under Federal Jurisdiction to date.

4. Following this action, the BOP denied Mr. Pughe consideration for Halfway House Placement, despite his eligibility under the First Step Act.

5. This denial appears to be a direct consequence of Mr. Pughe's decision to exercise his legal rights.

(1)

III.                           LEGAL ARGUMENT

This Court has jurisdiction to hear Mr. Pughe's claim under 28 U.S.C. §2241. The First Circuit has recognized that a §2241 Petition may be brought to "attack the execution, rather than the validity of a sentence. U.S. v. Barret, 178 F.3d 34, 50 n. 10. (1st. Cir. 1999).

A Petition under 28 U.S.C.§2241 is the proper vehicle for relief when a judgement in the Petitioner's favor asserts the fact of duration of his confinement. Preiser v. Rodriguez 411 U.S. 475, 498-99, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). The failure to make placement and transfer determinations pursuant to 18 U.S.C. §3621(b) may be challenged under §2241.

B. First Step Act's Mandate for individualized Assessment:

The First Step Act requires the BOP to develop and implement a risk and needs assessment system to assess the recidivism risk of all federal prisoners and place them in appropriate programs (4). By denying Mr. Pughe consideration for halfway house placement without proper assessment, the BOP has failed to comply with this statutory mandate.

C. Retaliation for Exercising Constitutional Rights:

The Supreme Court has consistently held that prison officials may not retaliate against inmates for exercising their constitutional rights. In Bridges v. Gilbert, the Seventh Circuit held that a prisoner states a claim for retaliation when he sets forth "a chronology of events from which retaliation may plausibly be inferred" (5). The temporal proximity between Mr. Pughe's challenge to the state writ, the denial of his halfway house consideration and case mananger Jefferson's refusal to rescore Petitioner's Criminal History Score. This strongly suggest retaliatory intent.

Without the arbitrary refusal of Case Manager Jefferson to properly score my recidivism points the actual PATTERN Score would reflect the following:

(2)

The Unit Team under the direction of Case Manager Jefferson is effectively asserting that my recidivism points score as (45) General Score and (23) Violent and these numbers are this high based off of the inacurracy in light of the original PSR that stems from my 06/23/2014 date of offense PSR, that has not been updated since that time. Yet, I am currently serving a Supervised Release violation and the PSR was not updated to reflect the stale information within the PSR. Exhibit (6)-A, Recidivism Risk Assesment.

Petitioner asserts that both level(s) scores are incorrect and General Level should be (20), a low risk and Violent Score should be (13) low risk as well both of these are based on the (12) points that should not be counted or assessed under the [STALE CONVICTION] provision of the commentary of Criminal History Section. This is pursuant to United States Sentencing Guidelines subsection 4A1.1. Commentary Application notes (1) stating sentences imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted.

Petitioner's Criminal History points from the following case dates in Petitioner's PSI should not have been counted towards Petitioner's criminal history score, because they were imposed more than fifteen years and is outside of the timeline. (03-01-1991, (3) points, maximam expiration was 07-08-2006), (01-30-1992, (3) points, parole maximum expiration 07-08-2006), (05-05-1994, (3) points, supervised release expiration in January of 2006), (07-11-2006, (1) Conditional discharge & **order of Protection, (03-26-2007, (2) points, 60 days misdemeanor)** (See Exhibit 6-B Selected Highlighted Criminal History from PSI).

This is a total of (12) points out of the (18) that should not be there but instead was intentionally left on Petitioner's Criminal History Score by Case Manager Jefferson as an act of retaliation to keep Petitioner from Halfway House placement because Petitioner chose to exercise his legal rights against a state writ.

If the (12) points were removed from Petitioner's Criminal History Score. That would have left Petitioner with a Criminal History Score of (6) points, instead of the (18) points. On the male PATTERN Risk

(3)

Scoring sheet, See (Exhibit (7)-A) under Criminal History Category, (18) points gave Petitioner (40) points under general and (15) under violent. Now if Case Manager Jefferson would have unbiasly rescored Petitioner's Criminal History Instead of becoming irate and kicking Petitioner out of her Office, Petitioner's General Score under Criminal History Category would be (16) and the Violent score would be (6), and that would change Petitioner's total Male PATTERN Risk Scoring from General (45) and (23) to General (20) and Violent (13), which clearly would make Petitioner low risk recidivism, but that was "road blocked", due to Case Manager Jefferson's retaliatory actions, that impacted Petitioner's abiity to have his earned time credits applied to his sentence and obtain relief (Halfway House Placement). 12/19/2024 two weeks after Petitioner's Halfway House consideration was put on hold, Petitioner wrote a request to staff (case Manager Jefferson), requesting to have his custody classification (criminal History rescored. (See Exhibit 4-A).

On 10-12-2024 Petitioner received a copy of the individualized needs plan initial classification. Which clearly shows that Petitioner is (FTC) eligible, as well as a RRC/HC recommended placement of 1-90 days..., (See Exhibit 8), but the response to Exhibit (5) part One and (5) part Two. (BP-9), states I am not eligible to apply federal time credits (FTC). (See 5-A Part Three, Highlighted Portion). This stems from case manager Jefferson's biasness when she refused to rescore Petitioner's custody classification. These actions in thier entirety are violations of Petitioner's Constitutional Rights as a Prisoner in regards to the Due Process afforded to all inmates alike pursuant to program and policy statement. I am not asking the Court to exercise authority over issues that it has no jurisdiction over, yet, the application of the process must be adhered to and that is the issue that arises today and is ripe for consideration.

To be direct about the issue being addressed, Petitioner is only seeking to determine whether he is eligible for Pre-Release Custody in Light of the First Step Act not whether he should have his FTC applied. That is a misdirection of the issues and Petitioner would like to focus on the question presented, not a side dispute not raised at this time. Has there been a Violation of the FSA, and should the BOP correct this error?

Furthermore, the First Circuit in Brandt v. Fitzpatrick emphasized the importance of allowing prisoners to pursue legitimate Claims without fear of retaliation (6). This Principle directly supports Mr. Pughe's argument against any retaliatory action for exercising his legal rights.

D. Violation of the First Step Act:

The First Step Act mandates that the BOP "shall" transfer eligible prisoners to pre release custody, including halfway houses, when they have earned sufficient time credits (7). By denying Mr. Pughe consideration for such placement, the BOP is in direct violation of this statutory requirement.

In United States v. Booker, The Second Circuit held that the First Step Act freed District Courts to consider any potentially extraordinary and compelling reasons that a defendant might raise for compassionate release (8). This principle should extend to considerations for halfway house placement, as both fall under the Act's broader goal of reducing recidivism and promoting rehabilitation.

E. Abuse of Discretion:

While the BOP retains some discretion in administering halfway house placements, this discretion is not unlimited and must be exercised in accordance with the law. The apparent retaliatory nature of the BOP's decision in Mr. Pughe's case, coupled with the violation of the FIrst Step Act's mandates, clearly constitute an abuse of discretion warranting this Court's intervention.

F. Due Process Violation:

The denial of halfway house consideration without proper justification implicates Mr. Pughe's liberty interests protected by the Due Process Clause. In Sandin v. Conner, the Supreme Court recognized that prisoners retain liberty interests when a state action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (9). The arbitrary denial of earned time credits and halfway house placement opportunities falls within

(5)

this category.

IV. Relief Requested:

1. An order compelling the BOP to immediately consider Mr. Pughe for halfway house placement based solely on the merits of his case and eligibility under the First Step Act.
2. An injunction prohibiting any further retaliatory actions by the BOP against Mr. Pughe.
3. A declaration that the BOP's actions violate the First Step Act and Mr. Pughe's constitutional rights.
4. An order requiring the BOP to provide clear and convincing evidence that their decision was not retaliatory.
5. In the alternative, if the Court finds Mr. Pughe has not exhausted his administrative remedies, an order allowing him to pursue those remedies without prejudice, in light of the flexible approach to exhaustion recognize in recent case law (10).

V. Conclusion:

For the foregoing reasons, this Court should grant Mr. Pughe's motion to compel compliance with the First Step Act and to remedy the retaliatory action taken against him. Such relief is necessary to uphold the rule of law, protect Mr. Pughe's constitutional rights, and ensure the proper implementation of the First Step Act.

Respectfully Submitted,

*Darien Pughe*
Mr. Darien Pughe
Reg. No. #44206-053
FCI Berlin
P.O. BOX 9000
Berlin, N.H. 03570

(1) Trenkler v. United States, 536 F.3d 85 (1st. Cir. 2008), (2) Ibid, (3) United States v. Barrett, 178 F.3d 34 (1st Cir. 1999), (4) First Step Act of 2018, Pub. L. No. 115-391 Stat. 5194 (2018), (5) Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir. 2009), (6) Bradt v. Fitzpatrick, No. 19-1174 (1st Cir. 2020), (7) 18 U.S.C.

§3624(g)(1)(A), (8) United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), (9) Sandin v. Conner, 515 U.S. 472, 484 (1995), (10) Doe v. Fed. Bureau of Prisons, No. 22-CV-5120 (E.D.N.Y. Dec. 28, 2023).

### CERTIFICATE OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. §1746.

Executed this 11th day of February, 2025

Respectfully Submitted,

*Darien Pughe*

Mr. Darien Pughe
Reg. No. # 44206-053
FCI Berlin
P.O. Box 9000
Berlin, NH 03570